IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| SHERRIE LYNETTE LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 8:16-cv-01846-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| NANCY A. BERRYHILL, *Acting Commissioner of Social Security Administration*,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Nancy A. Berryhill's ("the Commissioner") decision denying plaintiff Sherrie Lynette Lawson's ("Lawson") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Lawson filed objections to the R&R. For the reasons set forth below, the court adopts the R&R and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

Lawson filed an application for DIB and SSI on September 28, 2012, alleging disability beginning on September 18, 2012. The Social Security Agency denied Lawson's claim initially and on reconsideration. Lawson requested a hearing before an

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security; therefore, she is substituted as the named defendant pursuant to Federal Rule of Civil Procedure 25(d).

1

administrative law judge ("ALJ"), and ALJ Gregory M. Wilson held a hearing on September 5, 2014.

The ALJ issued a decision on January 23, 2015, finding Lawson not disabled under the Social Security Act. Lawson requested Appeals Council review of the ALJ's decision. The Appeals Council denied Lawson's request for review, rendering the ALJ's decision the final decision of the Commissioner. On June 7, 2016, Lawson filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on May 16, 2017, recommending that this court affirm the ALJ's decision. Lawson filed objections to the R&R on May 30, 2017, to which the Commissioner responded on June 5, 2017. The matter is now ripe for the court's review.

**B.     Medical History**

Because Lawson's medical history is not directly at issue here, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Lawson was born on November 6, 1971, and was 40 years old on the alleged onset date. She has a high school education, three years of technical training, and past relevant work experience as a computer indexer, data entry, and surgical technician.

**C.     ALJ's Findings**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See

20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) "is currently engaged in substantial gainful activity;" (2) "has a severe impairment;" (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, "which warrants a finding of disability without considering vocational factors;" (4) if not, whether the claimant has an impairment that prevents her from performing past relevant work; and (5) if so, "whether the claimant is able to perform other work considering both [her] remaining physical and mental capacities" (defined by her residual functional capacity) and her "vocational capabilities (age, education, and past work experience) to adjust to a new job." Hall v. Harris, 658 F.2d 260, 264–65 (4th Cir. 1981); 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

  The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Lawson was disabled from September 18, 2012, through the date last insured, December 31, 2014. The ALJ first determined that Lawson did not engage in substantial gainful activity during the period at issue. Tr. 20. At the second step, the ALJ found that Lawson suffered from the following severe impairments: femur fracture, status post-surgery; hypertension; obesity; and degenerative disc disease in the lumbar spine. Tr. 20. At step three, the ALJ found that Lawson's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listings of Impairments ("the Listings"). Tr. 24–25; see 20 C.F.R. Part 404, Subpt. P, App'x 1. Before reaching the fourth step, the ALJ determined Lawson had the residual functional

capacity ("RFC") to perform light work as defined by 20 C.F.R. 404.1567(b) and 416.967(b). Tr. 25. Specifically, the ALJ found that Lawson could lift or carry up to twenty pounds occasionally and ten pounds frequently; stand or walk for approximately six hours in an eight-hour workday; sit (with normal breaks) for approximately six hours in an eight-hour day; occasionally climb ramps, stairs, ladders, ropes, and scaffolds; and frequently balance and stoop; occasionally kneel, crouch, and crawl; and avoid concentrated exposure to hazards. Tr. 25. The ALJ found at step four that Lawson was capable of performing past relevant work as a computer indexer, data entry, and surgical technician. Tr. 34. Accordingly, the ALJ found that Lawson was not disabled during the period at issue. Tr. 35.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the magistrate judge's conclusions. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). The R&R carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citations omitted). "[I]t is not within the province of a reviewing court to determine the

weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id. (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ][,]" not on the reviewing court. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). However, "[a] factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

## III. DISCUSSION

Lawson objects to the R&R on two grounds, arguing that the magistrate judge erred in: (1) finding that the ALJ's RFC was based on substantial evidence; and (2) finding that the ALJ failed to make a proper credibility determination. Pl.'s Objs. 1–2. The Court will address each of the objections below.[2]

### A.    The ALJ's RFC Determination

First, Lawson argues that the ALJ's RFC assessment was not based on substantial evidence. Id. Specifically, Lawson contends that the ALJ failed to: (1) "specify the medical findings which supported the limitations and failed to cite the specific medical

---

[2] As the Commissioner correctly asserts, Lawson fails to present proper objections because they are merely the same arguments she previously raised in her initial brief and thus have already been considered by the magistrate judge in the R&R. Def.'s Resp. to Objs. 1–2 (citing Ward v. Colvin, No. 0:15-00975-TMC, 2016 WL 2956376, at *4 (D.S.C. May 23, 2016) (citation omitted) ("Rehashing arguments raised to the magistrate judge does not comply with the requirements to file specific objections.") and Anderson v. Dobson, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) (citation omitted) ("An objection that . . . simply summarizes what has been presented before, is not an objection as that term is used in this context.")). However, the court will conduct a thorough review of Lawson's objections to show that the ALJ properly supported his RFC and credibility determinations with substantial evidence.

5

facts and nonmedical evidence when making his RFC assessment[;]" and (2) "determine [p]laintiff's 'ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis.'" Id. at 1. Notably, Lawson fails to make specific objections about the evidence the ALJ allegedly failed to consider in performing the RFC assessment, fails to cite to any record evidence or case law to support her arguments, and fails to specify how the ALJ's decision failed to comport with the governing regulations and applicable case law. In response, the Commissioner contends that substantial evidence supports the ALJ's RFC finding. Def.'s Resp. to Objs. 2.

The RFC is "the most [a claimant] can still do despite [her] limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). When determining a claimant's RFC, the ALJ "'must first identify the individual's functional limitations or restrictions and assess . . . her work-related abilities on a function-by-function basis, including the functions listed in the regulations.'" Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). The ALJ must take into account "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." Id. (alterations in original) (citation omitted). The ALJ must "'consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.'" Id. (alterations in original) (quoting 20 C.F.R. § 404.1529(a)). If laboratory findings and medical signs demonstrate the claimant has "'a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit

6

[her] capacity to work.'" Id. (alterations in original) (quoting 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1)).

"The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); see also Monroe, 826 F.3d at 188 (quoting SSR 96-8p, 1996 WL 374184, at *7) ("'In all cases in which symptoms, such as pain, are alleged, the RFC assessment must . . . [i]nclude a resolution of any inconsistencies in the evidence as a whole' and '[s]et forth a logical explanation of the effects of the symptoms, including pain, or the individual's ability to work.'"). Importantly, "[a]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered. However, the ALJ must build an accurate and logical bridge from the evidence to his conclusion." Dobbing v. Colvin, CIVIL ACTION NO. 0:15-04030-MGL, 2016 WL 6246495, at *3 (D.S.C. Oct. 26, 2016) (citations omitted). Therefore, "'[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" Monroe, 826 F.3d at 189 (quoting Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013)).

In a vague, conclusory objection, Lawson contends that the ALJ "failed to specify the medical findings which supported the limitations and failed to cite the specific medical facts and nonmedical evidence when making his RFC assessment[;]" however, she neither mentions additional limitations the ALJ failed to consider nor provides any

7

support for her argument. Pl.'s Objs. 2. Furthermore, the ALJ is not required to specifically reference a particular medical finding in support of a determined limitation. In addition, her argument that the ALJ failed to consider whether Lawson could perform work "in an ordinary work setting on a regular and continuing basis" is not supported by the record as whole. Importantly, Lawson fails to point to any medical evidence of record to support her argument that she is incapable of an eight-hour workday, five days a week.

As shown in the ALJ's opinion and noted in the R&R, the ALJ thoroughly examined the entire record and supported his RFC determination based on substantial evidence. See R&R 20–22; see e.g., Tr. 26 (Three months after her September 2012 hip surgery, Lawson "reported some knee pain but reported that her hip had been doing well and she denied any numbness or weakness. She also reported that her pain was satisfactorily controlled . . . . A physical exam revealed that the claimant had good range of motion in her hip without any pain."); Tr. 26 (After reporting right knee pain between September and December 2012, examinations revealed tenderness in her knee, but full range of motion and no instability); Tr. 26 (In December 2012, Lawson "reported moderate pain relief with an injection."); T. 26 (Lawson admitted she did not seek any treatment for knee complaints after January 2013."); Tr. 27 (In May 2013, Lawson "reported feeling well without any specific complaints[,]" and the examination showed she had a normal gait); Tr. 27 (In December 2013, a neurological examination was normal with intact sensation and a normal gait); Tr. 27 (On April 16, 2014, Lawson's surgeon, Dr. Mina, reported that Lawson "had done very well with near complete resolution of her symptoms[]" and that she "had a normal gait and station, normal muscle

strength and tone in all extremities, she had no impairment of memory, normal attention span and ability to concentrate, normal sensation, normal coordination and normal deep tendon reflexes."). Therefore, the court finds the ALJ's decision is supported by substantial evidence, and Lawson's objection concerning lack of substantial evidence in the ALJ's RFC determination lacks merit.

### B. The ALJ's Credibility Determination

Second, Lawson claims that the magistrate judge erred in determining that the ALJ's credibility findings were based on substantial evidence. Pl.'s Objs. 2. In response, the Commissioner contends substantial evidence supports the ALJ's credibility determination as described in the R&R. Def.'s Resp. 2.

Lawson correctly states that the ALJ's decision "'must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals' statements and the reasons for that weight.'" See Pl.'s Objs. 3 (quoting S.S.R. 96-7p, 1996 WL 374186, at *2). However, contrary to Lawson's argument, the ALJ properly provided reasoning for his rejection of Lawson's testimony and adequately supported his credibility determination by setting forth substantial evidentiary support from the record. See e.g., Tr. 28 ("I have discredited the claimant's testimony reporting subjective complaints of knee pain based on substantial evidence of record, most notably that the claimant has not sought treatment for same since January 2013."); Tr. 28 ("I have further discredited the claimant's testimony regarding her back problems based on record evidence suggesting substantial improvement after surgery and testimony regarding mental symptoms based on record

9

evidence suggesting no ongoing limitations and significant improvement in symptoms with medication."); Tr. 30 ("[T]he degree of physical limitation suggested by the claimant's hearing testimony is not reasonably supported by physical examinations and diagnostic tests[.]  [T]his serves to undermine the persuasiveness of the claimant's allegations."); Tr. 30–31 ("[P]hysical examinations and surgical intervention do not support the claimant's testimony.  6 weeks post lumbar surgery[,] the claimant was reported to be doing very well with near complete resolution of preoperative symptoms.  Physical examinations prior to and subsequent to surgery revealed no weakness, fatigue, sleep disturbance, tingling, weakness or numbness.  Other examinations revealed normal gait, 5/5 strength, intact sensation, normal reflexes, normal coordination and negative straight leg raise.  Treatment records also reveal the claimant did not have any cervical pain, on occasions she reported feeling well without any specific complaints[,]  no edema, warmth or tenderness of the extremities and that surgical intervention provided improvement with regard to the lumbar spine and surgical intervention of the femur fracture was well healed and she was not experiencing numbness[,] weakness[,] or pain.  Other examinations revealed good range of motion of the right hip without pain[,] good range of motion of the knee[,] with x-rays of the knee revealing benign findings[,] and no tenderness of the lower extremities.")

In addition, the ALJ found that Lawson's complaints were not only inconsistent with the objective medical evidence, but that they also conflicted with her reported activities.  See Tr. 30 (noting Lawson testified that her daily activities consisted of "laundry, sweeping, washing dishes, cooking, . . . going to the Dollar Store, going to the grocery store, dusting, cleaning the stove and cabinets, visiting with her father twice

weekly, and going out to eat once per week"); Tr. 31 (noting that Lawson helped a friend move).

Therefore, the court finds that the ALJ articulated proper reasons to support his credibility determination, which is supported by substantial evidence, including Lawson's statements to medical providers, Lawson's daily activities, and the conclusions of treating physicians.

## IV.   CONCLUSION

Based on the foregoing, the court **ADOPTS** the R&R and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED.**

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 5, 2017**
**Charleston, South Carolina**